UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | |
| § | SA-16-cr-175(2)-XR |
| WILLIAM LEWIS § | |
| *Defendant*. § | |

**ORDER**

On this day came on to be considered Defendant's motion to reconsider.

Defendant was originally charged in an indictment with conspiracy to distribute cocaine base and felon in possession. In connection with a plea, a superseding information was filed and Defendant pled guilty to misprision. In his plea agreement he admitted that he placed his name on the utilities account at 4731 Belinda Lee, that drugs and weapons were located inside the house in plain view, and that he cooked and cleaned the house in exchange for crack cocaine. Docket No. 47.

The Presentence Report prepared by the Probation Office calculated the base offense level at 19 based upon USSG § 2X4.1. See Docket No. 78 at paragraph 15. The Probation Officer included all drugs found in the home and determined that a base offense level of 30 was appropriate. However, USSG § 2X4.1 caps the offense level at 19. After an adjustment for acceptance of responsibility, Defendant's criminal history was IV and the total offense level was 16. The Guideline range was 33-41 month, and the statutory maximum in this case was three years.

A sentencing hearing was held on December 14, 2016. Prior to the hearing no objection was filed regarding how the base offense level was calculated. Only after the Court began to ask

1

questions about why the guideline range was effectively 33-36 months in a misprision case did Defense Counsel begin to advocate that his client should not be held responsible for all the drugs and weapons located inside the home. After reviewing all of the § 3553 factors and Defendant's criminal history, the Court sentenced Defendant to 30 months imprisonment.

Defendant now argues for the first time that his "relevant conduct" is only knowledge of the drugs that were in plain view (33 grams of crack cocaine) and the base offense level should have been 24 minus 9 per USSG § 2X4.1, and with all adjustments made his criminal history category would have been III and the total offense level would have been 12 (resulting in a Guideline range of 15-21 months).

USSG § 2X4.1 governs how the base offense level for misprision of a felony is calculated. The Base Offense Level is "9 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 19."

The Application Note to USSG § 2X4.1 states:  "'Underlying offense' means the offense as to which the defendant is convicted of committing the misprision. Apply the base offense level plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant; see Application Note 9 of the Commentary to §1B1.3 (Relevant Conduct)."

Application Note 9 to § 1B1.3 states: "In the case of solicitation, misprision, or accessory after the fact, the conduct for which the defendant is accountable includes all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant." Relevant conduct as it relates to drug cases is covered by 2D1.1.

Applying the above the Probation Office identified all the drugs found inside of the home, some of which were in plain view and other amounts were discovered in a hole in the shower ceiling hidden by a piece of drywall.  Defendant denies that he was involved in any conspiracy to sell or distribute the drugs and the PSR incorrectly included all the drugs found in the home, rather than the amount in plain view that he was personally aware of.

The Court finds that given the substantial amount of time this Defendant spent in the premises, his responsibility in cleaning the premises, his knowledge of drugs in the home and the home's use as a location from which the drugs were being sold or distributed, this Defendant was aware of not only the drugs in plain view, but was also aware of the drugs kept in the shower ceiling and other areas of the home.  The PSR correctly reflected the amount of drugs that the Defendant knew were inside the home, or reasonably should have known.  See *United States v. Warters*, 885 F.2d 1266, 1273 (5th Cir. 1989); *United States v. Booker*, 186 F.3d 1004, 1007 (8th Cir. 1999)  ("conduct for which [a] defendant convicted of misprision 'is accountable includes all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant.'").

The Defendant offers no argument or analysis as to why he now believes his "revised" criminal history is now III.  The PSR correctly calculated Defendant's criminal history.

Even assuming arguendo that the Court erred in calculating the amount of drugs or the Criminal History, the Court would nevertheless impose the same sentence of 30 months given the Defendant's criminal history.

## Conclusion

Defendant's motion for reconsideration is denied.

SIGNED this 5th day of January, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE